UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/21/2020_

KEITH HALL,

                                Plaintiff,

       -against-

DEPARTMENT OF CORRECTIONS MEDICAL
DEPARTMENT, SING SING CORR. FACILITY;
CENTRAL OFFICE: FELIX EZEKWE, M.D.
PROVIDER, SING SING CORR. FACILITY; MS.
RASIA FERDOUS, MEDICAL DIRECTOR, SING
SING CORR. FACILITY; F.M.D. DANA GAGE;
CENTRAL OFFICE MEDICAL DEPARTMENT,

                                Defendants.

18-CV-6892 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

       Plaintiff Keith Hall ("Plaintiff"), a *pro se* litigant incarcerated at Sing Sing Correctional

Facility ("Sing Sing") and proceeding *in forma pauperis*, commenced this action pursuant to 42

U.S.C. § 1983 against the New York State Department of Corrections and Community Supervision

Central Office Medical Department ("Central Office Medical Department"), the Medical

Department at Sing Sing Correctional Facility ("Sing Sing Medical Department"), Dr. Felix

Ezekwe, Medical Provider at Sing Sing ("Ezekwe"), Ms. Rasia Ferdous, Medical Director at Sing

Sing ("Ferdous"), and F.M.D. Dana Gage, Central Office Medical Department ("Gage"), on July

31, 2018. (*See* ECF No. 2.)  Plaintiff alleges violations of his rights under the Eighth Amendment

to the United States Constitution arising from Defendants' failure to provide adequate medical care

for a condition involving Plaintiff's prosthetic eye.

       By Order dated November 2, 2018, the Court dismissed all claims against the Central

Office Medical Department and the Sing Sing Medical Department on Eleventh Amendment

grounds.  (ECF No. 6.)  Presently before the Court is the motion of Ezekwe, Ferdous, and Gage (collectively, "Defendants") to dismiss the remaining claims against them in their entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 17.)  Plaintiff does not oppose the motion. (ECF No. 19.)  For the following reasons, Defendants' Motion is GRANTED.

## BACKGROUND

### I.    Factual Allegations

The following facts are derived from the Complaint[1] or matters of which the Court may take judicial notice and are taken as true and constructed in the light most favorable to *pro se* Plaintiff for the purposes of this motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).

Plaintiff is a prisoner in the custody of the New York State Department of Corrections and at all relevant times was incarcerated at Sing Sing Correctional Facility.  (Compl. (ECF No. 2) ¶ 3.)  Plaintiff states that on November 10, 2015, he told his medical provider at Sing Sing, Ezekwe, that his prosthetic eye was not fitting correctly.  (*Id.* ¶¶ 4, 9.)  Plaintiff complained of discharge and secretions coming from his eye.  (*Id.* ¶ 9.)  At night, while Plaintiff slept, his prosthetic eye would fall out.  (*Id.*)  Throughout the day, Plaintiff frequently had to reposition his eye and carry tissues to clean the discharge.  (*Id.*)  On November 25, 2015, Ezekwe referred Plaintiff to nonparty Dr. Wandeb Charles at the Ophthalmology Department at Fishkill Correctional Facility.  (*Id.* ¶¶ 9–10.)

An appointment with Dr. Charles and nonparty Dr. John G. Bortz took place on December 3, 2015.  (*Id.* ¶ 10.)  Both doctors recommended surgery for Plaintiff's eye socket problems, though

---

[1] The Court notes that while Plaintiff references a number of exhibits in the Complaint, no exhibits have been filed or otherwise brought to the Court's attention.

it is unclear from the Complaint whether that recommendation was made at the time of the appointment. (*Id.*) Though Plaintiff does not explicitly say so, it appears that he visited with Dr. Bortz again on August 5, 2016. (*Id.* ¶ 12.) On that date, Dr. Bortz told Plaintiff that he had a collapsed eye socket with chronic anophthalmic conjunctivitis and discharge due to an excessive superior forniceal recess. (*Id.*) Dr. Bortz recommended that a metal plate be installed under Plaintiff's eye socket along the orbital floor to fill the collapsed area. (*Id.*) On August 7, 2016, Dr. Bortz sent Ezekwe his recommendations. (*Id.* ¶ 10.) However, the Central Office Medical Department deferred the recommended procedure. (*Id.*)

Plaintiff found out about the deferral on August 7, 2017, at which point he filed a grievance, which he reports he exhausted. (*Id.* ¶¶ 7, 11.) Plaintiff ultimately underwent surgery with Dr. Bortz on May 15, 2018. (*Id.* ¶ 13.)

## LEGAL STANDARD

I.      **12(b)(6)**

On a 12(b)(6) motion, dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. When a motion to dismiss a complaint is unopposed, a court should nevertheless "assume the truth of a pleading's factual allegations and test only its legal sufficiency." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000).

The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555. A motion to dismiss

3

will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

*Pro se* complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). They must be held to less stringent standards than complaints written by lawyers, and only dismissed when the plaintiff can prove "no set of facts in support of his claim which would entitle him to relief." *Estelle*, 429 U.S at 106 (quoting *Conley v. Gibson*, 335 U.S. 41, 45–46 (1957)). This "is particularly so when the *pro se* plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). *Pro se* complaints must be interpreted as raising the strongest claims they suggest, but "must still state a plausible claim for relief." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).

## II.     42 U.S.C. § 1983 Claims

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

4

**DISCUSSION**

Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by delaying Plaintiff's eye socket surgery for no stated reason. Plaintiff argues that such delay constituted deliberate indifference to his serious medical needs. Defendants aver that Plaintiff's claims must be dismissed because (1) Plaintiff's allegations about a delay in treatment do not amount to actionable medical indifference, (2) Plaintiff does not sufficiently plead that any of the Defendants were personally involved in deferring treatment, and (3) Defendants are entitled to qualified immunity. Defendants also state that all claims against them in their official capacities are barred by the Eleventh Amendment. The Court addresses each argument in turn.

I.    **Eighth Amendment Claim**

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend VIII. Therefore, the Eighth Amendment "guarantees individuals the right not to be subjected to excessive sanctions." *Miller v. Alabama*, 567 U.S. 460, 469 (2012) (quoting *Roper v. Simmons*, 543 U.S. 551, 560 (2005). The right emanates from the basic precept of justice that punishment for crime should be graduated and proportioned to [the] offense. *Roper*, 543 U.S. at 560 (citations and internal quotations omitted). "By protecting even those convicted of heinous crimes, the Eighth Amendment reaffirms the duty of the government to respect the dignity of all persons." *Id*.

In order to assert an Eighth Amendment claim for medical indifference, a plaintiff must plausibly allege that a defendant acted with "deliberate indifference to serious medical needs." *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quoting *Estelle*, 429 U.S. at 103); *see also Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). It is well-established that "the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort

law, [and that] not every lapse in prison medical care will rise to the level of a constitutional violation." *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003); *see Estelle*, 429 U.S. at 106, ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "Only deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Salahuddin v. Goord*, 467 F.3d 279 (2d Cir. 2006) (internal quotations omitted).

Medical indifference claims under the Eighth Amendment of the U.S. Constitution and Section 1983 require courts to engage in a two-part inquiry, one objective and the other subjective. The objective inquiry focuses on the effect of a defendant's conduct and the subjective inquiry focuses on the defendant's motive. *Chance*, 143 F.3d at 702. "First, the alleged deprivation must be, in objective terms, sufficiently serious. Second, the defendant must act with a sufficiently culpable state of mind." *Id*.

In the context of medical care, two inquiries determine whether a deprivation is objectively serious. "The first inquiry is whether the prisoner was actually deprived of adequate medical care." *Salahuddin*, 467 F.3d at 279. Because "the prison official's duty is only to provide reasonable care," prison officials are liable only if they fail "'to take reasonable measures' in response to a medical condition." *Id.* at 279–80 (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). The second inquiry is "whether the inadequacy in medical care is sufficiently serious." *Id.* at 280. If the allegedly offending conduct "is a failure to provide any treatment for an inmate's medical condition, courts examine whether the inmate's medical condition is sufficiently serious." *Id.* In general, a "sufficiently serious" medical need is a "condition of urgency, one that may produce death, degeneration, or extreme pain." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994).

If the offending conduct is the "medical treatment given," however, "the seriousness inquiry is narrower." *Salahuddin*, 467 F.3d at 280. When "the prisoner is receiving appropriate on-going treatment for his condition," and brings a "denial of medical care claim based on a temporary delay or interruption in treatment," courts look to "the severity of the temporary deprivation alleged by the prisoner," not "the severity of the prisoner's underlying medical condition." *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003); *see Sledge v. Fein*, No. 11-CV-7450 (PKC), 2013 WL 1288183, at *5 (S.D.N.Y. Mar. 28, 2013) ("[I]n cases of delayed or inadequate care, 'it's the particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition, considered in the abstract, that is relevant....'") (quoting *Smith*, 316 F.3d at 186); *see also Bellotto v. Cnty. of Orange*, 248 Fed. App'x 232, 236 (2d Cir. 2007) ("When a prisoner alleges denial of adequate medical care, we evaluate the seriousness of the prisoner's underlying medical condition. When a prisoner alleges 'a temporary delay or interruption in the provision of otherwise adequate medical treatment,' we focus on the seriousness of the particular risk of harm that resulted from 'the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone.'") (quoting *Smith*, 316 F.3d at 185) (internal citation omitted).

A prison official acts with the requisite deliberate indifference when that official "knows of and disregards an excessive risk to inmate health or safety…" *Chance*, 143 F.3d at 702 (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *see Farmer* 511 U.S. at 837 ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference.").

For the reasons that follow, the Court determines that Plaintiff has not adequately pleaded either objectively serious harm or subjective intent sufficient to survive Defendants' motion.

### 1. Objective Harm

Plaintiff states that he suffered discomfort arising from problems with his eye socket and a poorly fitting prosthetic eye.  Specifically, Plaintiff complains that he was "constantly adjusting his prostetic [sic] eye and addressing chronic discharge from [his] eye, which led to constant irritation due to discharge from eye and wiping [his] eye with toilet paper through out [sic] the day." (Compl. at 4.)  Plaintiff further states that he "suffer[ed] with discomfort and discharge throughout the day and live[d] with this medical condition for [nine] years." (*Id.* at 5.)  Finally, Plaintiff states that his prosthetic eye would fall out while he slept and land on his pillow or the floor. (*Id.* ¶ 9.)

Plaintiff does not contend that he was deprived of adequate medical treatment entirely. Rather, he states that it was unreasonably delayed.  While Plaintiff states that he suffered discomfort due to his condition for nine years, he was not recommended surgery until December 3, 2015, at the earliest, and he does not complain that his medical treatment prior to the recommendation was inadequate. (*Id.* ¶ 10.)  One year and approximately nine months passed between the time that Dr. Bortz's diagnosis and treatment recommendation was passed on to Defendant Ezekwe on August 7, 2016, and Plaintiff's surgery on May 16, 2018.  Plaintiff's position is that this delay was objectively severe for purposes of an Eighth Amendment deliberate indifference analysis.

"Although a delay in providing necessary medical care may in some cases constitute deliberate indifference, [the Second Circuit] has reserved such a classification for cases in which, for example, officials deliberately delayed care as a form of punishment; ignored a 'life-threatening and fast-degenerating' condition for three days; or delayed major surgery for over two years." *Demata v. N.Y. State Corr. Dep't of Health Servs.*, 198 F.3d 233 (2d Cir. 1999)

(unpublished) (citations omitted); *see Ferguson v. Cai*, No. 11-CV-6181, 2012 WL 2865474, at *4 (S.D.N.Y. July 12, 2012) ("Where temporary delays or interruptions in the provision of medical treatment have been found to satisfy the objective seriousness requirement in [the Second] Circuit, they have involved either a needlessly prolonged period of delay, or a delay which caused extreme pain or exacerbated a serious illness."); *c.f. Lloyd v. Lee*, 570 F. Supp. 2d 556, 568 (S.D.N.Y. 2008) (finding "a sixteen-month delay from the time [the plaintiff] was injured until he finally obtained relief in the form of surgery on his shoulder," to be sufficient to defeat a motion to dismiss where the plaintiff "purportedly experienced extreme pain, discomfort, and loss of mobility" throughout the relevant period); *Espinal v. Coughlin*, 98 Civ. 2579(RPP), 2002 WL 10450, at *3 (S.D.N.Y. Jan. 3, 2002) (no deliberate indifference of treatment for ruptured ACL, a common knee injury, where surgery was delayed for three years) (quotation omitted).

Here, Plaintiff makes no allegations that his condition was life-threatening and fast-degenerating, that it worsened because of the delay, or that the delay was punitive. Indeed, Plaintiff does not state that he suffered any pain, that his daily activities were seriously affected, or that his condition was deteriorating. Rather, Plaintiff suggests that his primary complaint was "discomfort" and the inconvenience of having to re-insert his prosthetic eye in the morning and dab away discharge during the day. Moreover, through Plaintiff's entire waiting period, he alleges that he filed a single grievance and apparently did not seek further treatment from his medical provider, suggesting that Plaintiff suffered little as a consequence of the delay.

In light of the foregoing, the Court concludes that the Complaint, as pleaded, does not plausibly assert that the alleged delay in Plaintiff's surgical treatment was serious enough to violate Plaintiff's constitutional rights.

### 2.  Subjective Intent

Even if Plaintiff had adequately pleaded an objectively serious harm, he does not state an Eighth Amendment claim because he fails to present any facts tending to support an inference of deliberate indifference on the part of Defendants.  Plaintiff does not contend that he complained to any of the Defendants about any adverse medical effects from the delay or that Defendants ignored his complaints.  Indeed, the only Defendant Plaintiff specifically alleges even knew about his underlying medical complaints is Ezekwe.  Plaintiff states that Ezekwe referred him to an ophthalmologist within a month of his examination of Plaintiff, that Dr. Bortz sent his recommendations to Ezekwe, and that Ezekwe later advised Plaintiff that his surgery had been deferred.  (Compl. ¶¶ 9–11.)  These actions, standing alone, do not evince a disregard of a substantial risk to Plaintiff's health or safety.  *See Farmer*, 511 U.S. at 837 (requiring official to "know of and disregard[] an excessive risk to inmate health"); *James v. Correct Care Sols.*, No. 13-CV-0019(NSR), 2013 WL 5730176, at *6–7 (S.D.N.Y. Oct, 21, 2013) (noting that deliberate indifference requires more than allegations about a delay in treatment); *Bell v. Jendell*, 980 F. Supp. 2d 555, 562 (S.D.N.Y. 2013) (dismissal proper in absence of allegations that "the delay was either intentional or reckless").

Plaintiff has failed to establish either prong of a deliberate indifference claim under the Eighth Amendment.  Accordingly, Plaintiff's Eighth Amendment claim against Defendants is dismissed without prejudice.  To the extent that Plaintiff can provide factual allegations curing the foregoing deficiencies, Plaintiff is granted leave to replead his claim.  Because Plaintiff's amended

complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to remain must be included in the amended complaint.

## II.    Personal Involvement

Defendants argue that Plaintiff's Eighth Amendment claim fails for the additional reason that Plaintiff did not allege personal involvement on the part of any Defendant in the decision to defer his surgery.  The Court agrees.

In general, "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977).  "[A] defendant in a § 1983 action may not be held liable for damages for constitutional violations merely because he [or she] held a high position of authority."  *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996); *see also Grullon v. City of New Haven*, 720 F.3d 133, 138–39 (2d Cir. 2013).  Personal involvement of a supervisory defendant may be shown by evidence of any of the following factors (the "*Colon* factors"):

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Grullon*, 720 F.3d at 139 (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)).

Notably, "mere 'knowledge and acquiescence'" to unconstitutional conduct, or mere failure to act on a complaint, without more, fails to state a claim under Section 1983.  *Faulk v. N.Y.C. Dep't of Cor.*, No. 08-CV-1668(LGS), 2014 WL 239708, at *10 (S.D.N.Y. Jan. 21, 2014);

11

*Mateo v. Fischer*, 682 F. Supp. 2d 423, 430 (S.D.N.Y. 2010) (" [T]he receipt of letters or grievances, by itself, does not amount to personal involvement.").

Here, Plaintiff repeatedly claims that "Medical Central Office" was responsible for the determination to defer Plaintiff's surgical procedure. (Compl. ¶¶ 10–11.) As previously discussed, Plaintiff does not describe any actions at all taken by Defendants Ferdous and Gage, and only states that Defendant Ezekwe referred him to an ophthalmologist and passed on information about the surgery deferral to Plaintiff. These facts are far from sufficient to support Defendants' personal involvement in a constitutional deprivation. Even if Plaintiff had adequately pleaded a constitutional violation, the Complaint would have to be dismissed on this additional ground. Should Plaintiff elect to file an amended complaint, this deficiency must be cured.

## III.   Qualified Immunity Defense

Defendants argue in the alternative that Plaintiff's Eighth Amendment claim must be dismissed based on the defense of qualified immunity. Because the Court has dismissed the Eighth Amendment claim as insufficiently pleaded on the grounds described above, it declines to address Defendants' qualified immunity defense at this juncture.

## IV.   Official Capacity Claims

Lastly, Defendants argue that any official capacity claims against Defendants must be dismissed as barred by the Eleventh Amendment. To the extent Plaintiff has alleged any official capacity claim against any of Defendants, it is well-settled that the Eleventh Amendment bars claims for monetary damages against state officials acting in their official capacities. "[T]he Second Circuit has held that ' [t]o the extent that a state official is sued for damages in [her] official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state.'" *Davis v. Westchester Cty. Family*

*Court*, No, 16-CV-9487 (KMK), 2017 WL 4311039, at \*6 (S.D.N.Y. Sept. 26, 2017) (quoting *Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993)).  The Eleventh Amendment generally "forbids suits against states for monetary damages."  *Kirkendall v. Univ. of Connecticut Health Ctr.*, 205 F.3d 1323 (2d Cir. 2000).  Thus, Plaintiff's claims for monetary damages against Defendants in their official capacities are dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.  Plaintiff's claims against Defendants in their official capacities are dismissed with prejudice.  Plaintiff's claims against Defendants in their individual capacities are dismissed without prejudice and with leave to replead.  Plaintiff may file an Amended Complaint consistent with this Opinion on or before August 28, 2020.  An Amended Civil Rights Complaint form is attached to this Order.  Defendants are then directed to answer or otherwise respond by October 2, 2020.  Failure to file an Amended Complaint within the time allowed, and without good cause to excuse such failure, will result in dismissal of Plaintiff's Complaint with prejudice.

The Clerk of the Court is respectfully directed to terminate Defendants' Motion to Dismiss at ECF No. 17.  The Clerk of the Court is further directed to mail a copy of this Opinion to Plaintiff at his last address listed on ECF and show proof of service on the docket.

Dated: July 21, 2020
       White Plains, New York

SO ORDERED.

_____
NELSON S. ROMÁN
United States District Judge

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐   Violation of my federal constitutional rights

☐   Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial              Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                    Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐   Pretrial detainee
☐   Civilly committed detainee
☐   Immigration detainee
☐   Convicted and sentenced prisoner
☐   Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                    Zip Code

Defendant 2:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                    Zip Code

Defendant 3:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                    Zip Code

Defendant 4:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                    Zip Code

## V.   STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____