USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/2/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH HALL,

                 Plaintiff,

  -against-

DEPARTMENT OF CORRECTIONS MEDICAL
DEPARTMENT, SING SING CORR. FACILITY;
CENTRAL OFFICE: FELIX EZEKWE, M.D.
PROVIDER, SING SING CORR. FACILITY; MS.
RASIA FERDOUS, MEDICAL DIRECTOR, SING
SING CORR. FACILITY; F.M.D. DANA GAGE;
CENTRAL OFFICE MEDICAL DEPARTMENT,

                 Defendants.

18-cv-6892 (NSR)

MEMORANDUM & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Keith Hall, by application received September 9, 2020, seeks appointment of *pro bono* counsel.  (ECF No. 30.)

    Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases.  *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989).  Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel.  *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

    The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986).  These cases direct the district courts to "first determine whether the indigent's position

seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity."  *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62).  "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success."  *Hodge*, 802 F.2d at 60-61.

The proceedings are still in their early stages, and no Defendant has filed an answer.  Thus, the Court is unable to conclude that Plaintiff cannot handle the case without assistance, although this conclusion may change as the action progresses.  Furthermore, the Court still cannot ascertain whether Plaintiff's position shows a strong chance of success, nor are the legal issues in this case particularly complex.

Therefore, because the Court does not find any circumstances which warrant the appointment of pro bono counsel *at this time*, Plaintiff's motion is DENIED without prejudice to renew at a later stage in the proceedings.  The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at his address as listed on ECF and to show proof of service.

Dated:   October 2, 2020                                          SO ORDERED:
         White Plains, New York

                                                                  _____
                                                                       NELSON S. ROMÁN
                                                                    United States District Judge