UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH V. HALL,

                              Plaintiff,

     -against-

DEPARTMENT OF CORRECTIONS MEDICAL
DEPARTMENT, *et al*,

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/25/2022

No. 7:18-cv-6892 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

    *Pro se* Plaintiff Keith Hall ("Plaintiff"), a prisoner in the custody of New York State Department of Corrections and Community Supervision, commenced this action on July 31, 2018, bringing allegations against multiple defendants regarding medical care for his prosthetic eye during his incarceration at Sing Sing Correctional Facility.  Now, in the operative Second Amended Complaint, Plaintiff brings only a state claim of negligent medical malpractice against the New York State Department of Corrections and Community Supervision.

    Before the Court is the motion of the remaining defendants in this action, Dr. Feliz Ezekwe ("Dr. Ezekwe"), Dr. Rasia Ferdous ("Dr. Ferdous"), and the New York Department of Corrections and Community Supervision ("DOCCS") (collectively "Defendants"), seeking dismissal the Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff did not submit any opposition to the motion.  For the following reasons, Defendants' motion is GRANTED, and Plaintiff's Second Amended Complaint is DISMISSED with prejudice.

## BACKGROUND

**I.      Factual Allegations**

The following facts are derived from the Second Amended Complaint[1] ("SAC") or matters of which the Court may take judicial notice, are taken as true, and constructed in the light most favorable to *pro se* Plaintiff for the purposes of this motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).

Plaintiff is a prisoner in the custody of DOCCS and at all relevant times was incarcerated at Sing Sing Correctional Facility.  Plaintiff alleges there was a decision to delay his ocular surgery by a minimum of 20 months, which caused his "orbital ball . . . to sink deeper which caused his left eye lid muscle to become weaker" and malfunctioning.  (SAC at 12.)  As a result of the worsening of his condition, Plaintiff needed a second surgery, which was eventually performed by Dr. Bortz in 2019.  (*Id.*)  Plaintiff alleges that his condition was a degenerative condition that worsened as a result of the delay in treatment.  (*Id.*)

Plaintiff alleges the State was careless and reckless in deferring his eye surgery and in ignoring his letters and medical documentations regarding his eye problems.  Plaintiff alleges doctors from outside the correctional facility recommended Plaintiff "needed a metal plate under the eye to stop the deepening and dead space, the orbital ball was sinking." (*Id.* at 13.)  Plaintiff alleges the State's delay of his eye surgery caused him to need a second eye surgery to repair his left eyelid.  (*Id.*)

---

[1] The SAC contains excerpts of the Court's July 8, 2021 Opinion (ECF No. 37).  (*See* "SAC," ECF No. 38 at 2–11.) In those excerpts, the names Defendants Ezekwe, Ferdous, Gage, and Central Office Medical Department were crossed out and replaced with "State." (*Id.*)  The Court does not consider its summary of facts in the prior opinion as Plaintiff's factual allegations asserted in the SAC.  Accordingly, the Court will only summarize the facts derived from pages 12 to 16 of the SAC.

## II.        Procedural History

Plaintiff Keith Hall filed a Complaint on July 31, 2018 against the Central Office Medical Department, the Sing Sing Medical Department, Ezekwe, Ferdous, and Gage. (*See* ECF No. 2.) By Order dated November 2, 2018, the Court, *sua sponte*, dismissed all claims against the Central Office Medical Department and the Sing Sing Medical Department on Eleventh Amendment grounds, holding that "it is well-settled that the Eleventh Amendment bars claims for monetary damages against state officials acting in their official capacities." (ECF No. 6.)  Subsequently, by Opinion & Order dated July 21, 2020, the Court dismissed Plaintiff's claims against Defendants in their official capacities with prejudice and dismissed claims against Defendants in their individual capacities without prejudice and with leave to replead. (ECF No. 24.)  Plaintiff filed an Amended Complaint on August 20, 2020.  (ECF No. 28.)  On July 8, 2021, this Court granted Defendants' motion to dismiss the Amended Complaint.  (ECF No. 37.)  The Court had dismissed all claims against Gage with prejudice and claims against Defendants Ferdous and Ezekwe without prejudice to replead.  (*Id.*)

On July 21, 2021, Plaintiff filed a Second Amended Complaint.  (ECF No. 38.)  The Court set a briefing schedule, directing Defendants to serve their motion to dismiss papers by November 5, 2021, Plaintiff to serve his opposition papers by December 6, 2021, and Defendants to serve their reply and to file all motion papers on December 21, 2021.  (ECF No. 43.)  On December 21, 2021, Defendants filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (ECF Nos. 45 & 46.)  Defendants informed the Court that Plaintiff has neither served nor filed an opposition to their motion to dismiss.  (ECF No. 47.)

## LEGAL STANDARD

## I.        Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of

subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) (citation and internal quotations omitted).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). In assessing whether there is subject matter jurisdiction, the Court must accept as true all material facts alleged in the complaint, *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009), but "the court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits . . . ." *Zappia Middle E. Const. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).

## II.        Rule 12(b)(6)

On a Fed. R. Civ. P. 12(b)(6) motion, dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.  When a motion to dismiss a complaint is unopposed, a court should nevertheless "assume the truth of a pleading's factual allegations and test only its legal sufficiency." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000).

The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555.  A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

*Pro se* complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). They must be held to less stringent standards than complaints written by lawyers, and only dismissed when the plaintiff can prove "no set of facts in support of his claim which would entitle him to relief." *Id.* at 106 (quoting *Conley v. Gibson*, 335 U.S. 41, 45–46 (1957)). This "is particularly so when the *pro se* plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). *Pro se* complaints must be interpreted as raising the strongest claims they suggest, but "must still state a plausible claim for relief." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).

## DISCUSSION

Plaintiff's Second Amended Complaint asserts one state negligence claim of malpractice against DOCCS. (SAC at 1–2.) Defendants seek to dismiss the complaint on the basis that the Court lacks subject matter jurisdiction over the state claim against DOCCS, and that Plaintiff has abandoned any claims against Defendants Ferdous and Ezekwe. ("Defs. Mot.," ECF No. 46.)

Plaintiff's Second Amended Complaint brings only one state claim against DOCCS. (SAC at 1–2.) Plaintiff makes clear he is not bringing any federal claims in this operative complaint. He did not check the box for "violation of my federal constitutional rights" and instead checked the box for "Other" and wrote in "tort negligence malpractice." (*Id.* at 2.) Plaintiff further wrote the "legal basis for claim" is "tort – negligence – malpractice" and indicated he seeks adjudication of a state tort "under the supplemental formerly called 'pendent' jurisdiction of the federal court." (*Id.* at 12.) Nor is he bringing any claims against Defendants Ezekwe and Ferdous. (*See id.*) Plaintiff also failed to address any of Defendant's motion to dismiss arguments. Where a plaintiff "fail[s] to address Defendants' arguments in support of dismissing [a] claim, it is deemed withdrawn or dismissed as abandoned." *See Baptiste v. Griffin*, No. 18 CV 7274 (NSR), 2019 WL 5635808, at *5 (S.D.N.Y. Oct. 31, 2019) (quoting *Johnson v. City of New York*, No. 1:15-CV-

8195-GHW, 2017 WL 2312924, at *17 (S.D.N.Y. May 26, 2017)).  Accordingly, the Court deems Plaintiff has abandoned his claims against Defendants Ezekwe and Ferdous.

Because Plaintiff's latest complaint makes clear he is not asserting any federal claims against any of the defendants, this Court no longer has subject matter jurisdiction over this action. The subject matter jurisdiction of federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332.  Under these statutes, federal jurisdiction is available only when a federal question is presented or when the plaintiff and the defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.  Here, having reviewed the Second Amended Complaint, the Court finds it lacks subject matter jurisdiction. [W]hen a federal court concludes that it lacks subject-matter jurisdiction, the complaint must be dismissed in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 502 (2006).  Accordingly, this Court hereby DISMISSES Plaintiff's Second Amended Complaint.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Second Amended Complaint is GRANTED.  This action is DISMISSED for lack of subject matter jurisdiction. Plaintiff's action is dismissed without prejudice to renew in state court.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 45 and to terminate the case.  The Clerk of the Court is further directed to mail a copy of this Opinion to *pro se* Plaintiff at his last address listed on ECF and show service on the docket.

Dated:   July 25, 2022                                                   SO ORDERED:
          White Plains, New York

                                                                    _____
                                                                         NELSON S. ROMÁN
                                                                       United States District Judge

6